VEGA, DEMANDANTE Y APELADO, *v.* SUCESIÓN VEGA, DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Guayama en pleito sobre filiación y reclamación de bienes.

No. 3083.—Resuelto en diciembre 14, 1923.

FILIACIÓN—POSESIÓN DE ESTADO CIVIL—DEMANDA SUFICIENTE.—La posesión de estado a que se refiere el Código Civil, consiste en el concepto público en que fué tenido el hijo en relación a su padre natural, cuando este concepto se forma por actos directos del mismo padre o de su familia, demostrativos de un verdadero reconocimiento perfectamente voluntario, libre y espontáneo, puesto que el referido cuerpo legal no autoriza la pesquisa de la paternidad ni impone consiguientemente tal reconocimiento contra la voluntad del padre, sin que aparte de eso, sea preciso se haga tan ostentosamente como si fuera un hijo legítimo, habida cuenta de las ideas y consideraciones que puedan existir en las relaciones sociales; quedando por lo tanto la misión· de los tribunales, dentro de esta doctrina, reducida a apreciar en cada caso la índole, trascendencia y alcance de los actos de reconocimiento atribuídos al padre natural o a su familia. 95 J. C. 1021. *Montalvo* v. *Montalvò et al.,* 25 D. P. R. 858–859. Examinadas a la luz de esa doctrina la demanda y las pruebas en este caso, se concluyó que la una y las otras eran suficientes y por tanto que procedía la confirmación de la sentencia recurrida.

Los hechos están expresados en la opinión.
Abogado de los apelantes: *Sr. C. Domínguez Rubio.*
Abogado de la apelada: *Sr. A. Porrata Doria.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

María Magdalena Vega entabló una demanda en la corte de distrito competente sobre filiación y reclamación de herencia. La demanda fué excepcionada y la excepción declarada sin lugar. Celebrado el juicio, la corte por el resultado de las alegaciones y las pruebas, falló el pleito a favor de la demandante y los demandados interpusieron el presente recurso de apelación en el cual señalan dos errores cometidos a su juicio por la corte 1, al desestimar la excepción previa, y 2, al dictar sentencia.

Argumentando el primer error sostiene la parte apelante que la demanda no alega hechos que demuestren que la demandante hubiera gozado de la posesión continua del estado de hija natural del padre de los demandados.

En la demanda se alega, en resumen, que la demandante es hija de Laó Vega y del causante de los demandados, Venancio Vega, quienes sostuvieron relaciones amorosas y como consecuencia de ellas nació la demandante el 25 de julio de 1899; que Venancio Vega visitaba la casa de Laó diaria y públicamente y sostenía sus gastos; que desde el nacimiento de la demandante, su padre la tuvo bajo su amparo, la sostuvo, la llamó hija suya en público y en presencia de sus amigos, realizando con ella actos de padre para con su hija no interrumpidos durante toda su vida que terminó con su muerte el 16 de abril de 1922, y que durante la concepción y alumbramiento de la demandante, sus padres eran solteros y estaban en condiciones de contraer matrimonio.

Siendo ello así, aunque en realidad la demanda pudo ser más específica, no cabe concluir que dejara de alegar hechos suficientes tendentes a establecer el estado de hija natural reconocida.

El otro error se refiere a la prueba. A nuestro juicio la prueba es enteramente suficiente. Demuestra las relaciones de los padres de la demandante continuadas por lar-

gos años y el nacimiento de la demandante cuando sus padres pudieron haberse casado. Existen otros hijos que no pudieron asociarse a la demandante porque nacieron después que el padre contrajo legítimo matrimonio con otra mujer. Pone de manifiesto la evidencia no sólo que el padre sostuvo y atendió a la hija, y públicamente la llamó tal, sino que cuando llegó el momento de la hija casarse intervino en la boda. A este respecto el testigo Enrique Santiago dijo: "Sabe que la tenía a ella como hija. Llegué a esa conclusión porque en las bodas de María Magdalena yo fuí testigo llamado por Venancio Vega, para serlo de la hija que se iba a casar y así le serví. Siempre oí que la llamaba hija." Y revela la prueba que cuando su última enfermedad, el padre, llamó a su lado a su hija y ésta lo asistió por espacio de veinte y dos días hasta que murió. Tales hechos demuestran la posesión continua del estado de hija natural que, de acuerdo con la ley aplicable, permitía a la demandante reclamar su reconocimiento ante los tribunales de justicia.

La jurisprudencia de esta corte es abundante sobre la materia. Bastará citar el caso de *Montalvo* v. *Montalvo et al.*, 25 D. P. R. 858, en donde esta corte adoptó y aplicó la siguiente doctrina establecida por el Tribunal Supremo de España en su sentencia de 26 de junio de 1903.

"La posesión de estado a que se refiere el Código Civil, consiste en el concepto público en que fué tenido el hijo en relación a su padre natural, cuando este concepto se forma por actos directos del mismo padre o de su familia, demostrativos de un verdadero reconocimiento perfectamente voluntario, libre y espontáneo, puesto que el referido cuerpo legal no autoriza la pesquisa de la paternidad ni impone consiguientemente tal reconocimiento contra la voluntad del padre, sin que aparte de eso, sea preciso se haga tan ostentosamente como si fuera un hijo legítimo, habida cuenta de las ideas y consideraciones que puedan existir en las relaciones sociales; quedando por lo tanto la misión de los tribunales, dentro de esta doctrina, reducida a apreciar en cada caso la índole, tras-

cendencia y alcance de los actos de reconocimiento atribuídos al padre natural o a su familia.'' *Montalvo* v. *Montalvo et al.,* 25 D. P. R. 858–859.

Insisten los apelantes en lo dicho por esta corte en el caso de *Morales* v. *Sucesión Cerame,* 30 D. P. R. 843, para sostener que la prueba no es aquí suficiente. En *Morales* v. *Sucesión Cerame, supra,* se resolvió que ''La mera prueba de la paternidad aun cuando vaya acompañada de actos de caricias y afectos, regalos, o admisiones de la paternidad, no será bastante para conferir un derecho de acción al reconocimiento. La intención del padre de reconocer al hijo debe aparecer, y la prueba de filiación debe ser clara y convincente.''

La prueba en este caso llena las exigencias del de Sucesión Morales. Es clara y convincente. ¿Puede existir un acto más demostrativo de la intención del padre que el que revelan las palabras del testigo Santiago que dejamos transcritas?

Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey, Hutchison y Franco Soto.