EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* TOMÁS RAMOS, acusado y apelante.

No. 2794.—*Visto:* Junio 22, 1926. *Resuelto:* Julio 15, 1926.

1. REGISTROS Y SECUESTROS *(Searches and Seizures)*—REGISTROS Y SECUESTROS ILEGALES—ACTUACIONES NO CONSTITUTIVAS DE REGISTROS Y SECUESTROS ILEGALES.—Cuando un policía ve o sabe que una persona se dispone a botar

un arma prohibida y la ocupa, su actuación no constituye un registro u ocupación ilegal.

2. TESTIGOS—CREDIBILIDAD, IMPUGNACIÓN, CONTRADICCIÓN Y CORROBORACIÓN—CREDIBILIDAD DE LOS TESTIGOS EN GENERAL—CUESTIONES QUE NO AFECTAN LA CREDIBILIDAD.—Una ocupación ilegal no afecta la credibilidad de un testigo ni debilita su declaración.

SENTENCIA de *Angel Acosta Quintero,* J. (Ponce), condenando al acusado por delito de portar armas prohibidas. *Confirmada.*

*Felipe Colón,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

[1, 2] El único error señalado por el apelante ataca la sentencia de la corte declarando al acusado culpable del delito que se le imputa. El apelante cita la sección de la ley para demostrar que el registro o la ocupación del arma en este caso fué ilegal. Un testigo había declarado que un policía ocupó el arma en momentos en que el acusado se disponía a botarla. Cuando un policía ve o sabe que un hombre se dispone a botar un arma prohibida y la ocupa, no podemos resolver que esto constituye un registro u ocupación ilegal. Sin embargo, en ningún sitio en los autos aparece que se presentó objeción alguna a la forma de la supuesta ocupación del arma y no nos es posible concebir la materialidad de esta alegación. Una ocupación ilegal no afecta la credibilidad de un testigo ni debilita su declaración.

Un policía declaró que otra persona botó otra arma, pero que no le fué posible hallarla, ya que cayó o probablemente cayó en un pequeño cañaveral. La ocupación del arma tuvo lugar en las afueras del pueblo de Juana Díaz, en la Calle Muñoz Rivera. El policía dijo que por allí no había casas. El otro testigo de El Pueblo dijo que había casas a ambos lados de la calle.

Contradicciones de esta clase entre testigos honrados de una de las partes son tan frecuentes en casos criminales y en casos de accidentes que prácticamente forman la regla

general.   Es raro que los testigos de una de las partes estén de acuerdo respecto a los detalles.   Es mucho más probable estar en completa armonía en casos en que los testigos han sido preparados.   La supuesta contradicción fué sobre un punto enteramente colateral.   El juez, al ser necesario, podía creer a uno de los testigos, o pudo no creer a ninguno de los dos respecto a la cuestión colateral, y sin embargo hallar que ambos testigos decían la verdad al manifestar que el acusado portaba un arma prohibida.   El apelante dice que había otras contradicciones entre los dos testigos del gobierno, pero no las indica ni tampoco nos ha sido posible hallarlas.

Hubo un fuerte conflicto en la prueba.   El acusado y sus testigos trataban de demostrar que el arma fué recogida del suelo y que nunca estuvo en poder del acusado.   Sin embargo, no hallamos razón alguna para distinguir este caso del volumen de decisiones en las cuales hemos resuelto que la apreciación de la prueba corresponde al juez sentenciador.   Si este caso se hubiese visto ante un jurado, nadie en circunstancias normales podría esperar una revocación basándose en los hechos.   Cuando el caso es resuelto por la corte, mucho menos debe esperarse hallar parcialidad, prejuicio o indebida apreciación de la prueba.

*La sentencia apelada debe ser confirmada.*