Alejandrina Montañez en representación de su menor hijo
Fructuoso Montañez, demandante y apelada, *v.* Sucesión
de Fructuoso García, compuesta de sus hijos Mariana,
Josefina, Eugenia, Santos, Ramona y Luisa García, de-
mandadas y apelantes.

No. 3861.—*Visto:* Mayo 20, 1926. *Resuelto:* Febrero 3, 1927.

1. Hijos Naturales—Reconocimiento Obligatorio—Acción de Reconocimiento
   o Filiación—De las Alegaciones—Demanda—Suficiencia de la Misma—
   Posesión Continua del Estado de Hijo Natural.—En el caso de autos se
   resolvió que de los hechos contenidos en una de las alegaciones de la demanda
   surgía la posesión continua del estado de hijo natural del padre de los de-
   mandados.

2. Hijos Naturales—Reconocimiento Obligatorio—Acción de Reconocimiento
   o Filiación—Apelación—Cuestiones de Hecho y Conclusiones.—Exami-
   nada la prueba, *se resolvió* que fué bien apreciada por la corte inferior al
   concluir que la relativa al concubinato era insuficiente y suficiente la rela-
   tiva a la posesión continua del estado de hijo natural sobre la cual basó su
   fallo favorable al demandante.

Sentencia de *Gabriel Castejón,* J. (Guayama), declarando con lu-
gar demanda de reconocimiento o filiación, sin costas. *Confir-
mada.*

*Adolfo Porrata Doria,* abogado de la apelada; *C. Domínguez Ru-
bio,* abogado de la apelante.

El Juez Presidente Señor del Toro, emitió la opinión del
tribunal.

Se trata de un caso de filiación y reclamación de bienes
hereditarios. La demanda fué establecida por la madre en
representación de su hijo menor de edad y dirigida contra
los herederos testamentarios del alegado padre. Se practicó
una amplia prueba testifical y documental y la corte de dis-
trito dictó finalmente sentencia declarando la demanda con
lugar. No conformes los demandados apelaron alegando
tres errores cometidos, a su juicio, por la corte al desesti-
mar la excepción previa de falta de hechos determinantes
de la causa de acción ejercitada, al apreciar la prueba y al de-
jar de cumplir con lo preceptuado en la Ley No. 25 de 1925.

[1] Examinemos el primer error. Sostienen los apelan-
tes que el demandante confundiendo la ley aplicable al caso,

que era la que estaba en vigor en 1911, con la que rigió anteriormente, no alegó la posesión continua del estado de hijo natural reconocido en debida forma.

La alegación dice:

"4. Que dicho Fructuoso García, desde el nacimiento del referido menor, lo tuvo bajo su amparo suministrándole alimentos, asistencia médica y vestidos y llamándolo hijo suyo en público y en presencia de amigos y familiares y realizando con él actos de padre para con hijo, sin que tales relaciones fueran interrumpidas durante la vida de don Fructuoso García, o sea, hasta su muerte, ocurrida hace cerca de un año."

La ley vigente, o sea, el artículo 193 del Código Civil Revisado, tal como quedó enmendado por la Ley No. 73 de 1911, entre otras cosas expresa que el padre está obligado a reconocer al hijo natural "cuando el hijo se halle en la posesión continua del estado de hijo natural del padre demandado, justificada por actos del mismo padre o de su familia."

La alegación no es un modelo de perfección pero de los hechos que contiene surge clara la posesión continua del estado de hijo natural del padre de los demandados. *Vega v. Sucesión Vega*, 32 D.P.R. 595.

[2] La verdadera lucha en este caso estuvo en la práctica de las pruebas.

Se alegó no sólo la posesión continua del estado de hijo natural del padre de los demandados, sí que también el concubinato del dicho padre con la madre del menor demandante, y se aportó prueba para sostener ambas alegaciones.

El juez sentenciador estudió cuidadosamente la prueba practicada en relación con el concubinato a la luz de la ley y la jurisprudencia y concluyó que no era suficiente. Su fallo favorable al demandante se basó únicamente en la posesión continua del estado de hijo natural, analizando a ese efecto la prueba, así:

"Tiende la prueba presentada a demostrar la existencia de actos

por parte del alegado padre constitutivos del reconocimiento de su paternidad.

"Tal demuestra como ciertos los siguientes hechos:

"Que allá para los años de 1910 ó 1912 residía la demandante en la casa de don Eugenio García sita en el barrio de Marín de la jurisdicción de Patillas, donde desempeñaba el cargo de cocinera.

"Que en dicha casa habitaba también Fructuoso García, quien conquistó el afecto de la demandante haciendo vida marital con ella, saliendo en estado de embarazo como consecuencia de la misma y el cual fué notado por la esposa del Sr. Eugenio García y dió lugar a que la actora fuera despedida de su colocación.

"Que entonces fué a vivir a una casita de la propia finca propiedad de los hermanos Eugenio y Fructuoso García que le facilitara este último y en donde, asistida de su hermana Monserrate Montañez, y a los tres meses próximamente de haber salido de la casa García dió a luz el niño Fructuoso, cuya filiación se interesa en esta demanda.

"Que el Sr. Fructuoso García tenía a la vez otra querida nombrada Eugenia Ruiz con la cual ha procreado varios hijos, habiendo tenido otros dos más con una mujer ya fallecida de apellido Figueroa.

"Que don Fructuoso García ha atendido al citado menor, especialmente a su educación, llevándolo a la escuela a matricularlo, firmando en distintas ocasiones la tarjeta o (*pupil's report*) del niño Fructuoso García, figurando con este nombre en la misma y como hijo del citado padre Fructuoso García.

"Que en ocasiones ha recomendado a personas el cuidado del niño Fructuoso Montañez como su hijo en pasos peligrosos de ríos, habiéndole llevado también como tal a confirmar, solicitando de Enrique Cruz fuera su padrino.

"Estos hechos han sido controvertidos por la prueba de los demandados en el sentido de que no hubo confirmaciones para la fecha en que se alega fué confirmado el niño Fructuoso Montañez y a más porque si bien el Sr. Fructuoso García firmó la tarjeta o récord del niño, eso mismo hacía con otros que no se alegaba fueran sus hijos, como son los niños Ignacio y Domingo Colón.

"En cuanto a la primera cuestión el Presbítero Sr. Gonzalo Noel no ha podido asegurar que entre el año 1910 y de 1920 no hubiera habido confirmaciones en Patillas, y en cuanto al punto de tarjetas e informes escolares de los niños, cierto es que el Sr. García firmó la de los hermanos Colón en las cuales aparecen éstos con el apellido de su padre, no sucediendo así en la del niño Fructuoso

Montañez que aparece allí no con este apellido y sí con el del pro-
pio Sr. García, figurando además en ella como padre del menor sin
que hiciera objeción alguna a la usurpación de su apellido y a la
imputación de tal paternidad sino que por el contrario consintió a
todo ello firmando en distintas ocasiones el referido informe.

"Es éste un caso. especial en que a nuestro juicio no puede exi-
girse una prueba más robusta que la presentada."

Hemos examinado los autos y el laborioso alegato de la
parte apelante que analiza e impugna detallada e inteligen-
temente la prueba de la parte demandante, y no encontramos
motivo alguno que justifique el error alegado. Todo induce
a concluir que la prueba fué apreciada de modo concien-
zudo por el juez sentenciador.

[3] La ley que se dice infringida en el tercer error es la
No. 25 de 1925. Por ella se enmienda el artículo 227 del
Código de Enjuiciamiento Civil en la siguiente forma:

"En el juicio definitivo de cualquier caso en una corte de dis-
trito, el juez de la misma, deberá hacer y archivar al mismo tiempo
que dicte su sentencia, una opinión escrita, que se unirá a aquélla,
en la que expondrá separadamente y de una manera breve, los he-
chos que considere probados y las razones jurídicas en que funde su
decisión. Cuando las resultancias de hecho se basaren en un con-
flicto de la evidencia, el juez expondrá los motivos que haya tenido
para dirimir el conflicto en la forma en que lo hiciere; y en caso
de apelación, el Tribunal Supremo deberá analizar dicha evidencia
y determinar si las resultancias estuvieron justificadas o no."

Después de declarar los hechos probados y de hacer las
consideraciones que conocemos, sigue el juez sentenciador en
su opinión haciendo otras sobre las circunstancias del caso
y el valor probatorio de la evidencia aportada, cumpliendo
así substancialmente, a nuestro juicio, con lo exigido por el
legislador.

El conflicto en este caso surgió entre afirmaciones positi-
vas de la madre del menor demandante sosteniendo que el
menor es hijo del padre de los demandados y que así lo re-
conoció éste privada, pública y constantemente, y de otros
testigos que afirman que el repetido padre reconoció al

menor demandante como a su hijo en diferentes ocasiones, encomendando a uno de ellos que fuera su padrino de confirmación, y declaraciones de testigos que sostienen que nunca el padre les habló de la existencia de tal hijo, ni se enteraron de que lo tratara o reconociera como tal, y que habiendo otorgado testamento y reconocido otros hijos naturales, no hizo mención alguna del demandante, y levantan fuertes dudas con respecto a si hubo o no confirmaciones en la época referida por los testigos del demandante.

Si para dirimir el conflicto se tiene en cuenta además la declaración de la profesora del menor y la firma del padre en la tarjeta en que el menor aparecía con su apellido y él como padre y la manera de ser del dicho padre, su conducta, y la circunstancia de que el padre dejó de reconocer en su testamento a otro niño que testigos de los propios demandados admitieron que lo era reconocido por el padre, se verá que las razones que tuvo el juez para actuar en la forma en que lo hizo no pudieron ser más justas.

*Debe confirmarse la sentencia recurrida.*