PAULINO SOMOHANO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

No. 761.—*Sometido:* Abril 17, 1929. *Resuelto:* Junio 21, 1929.

*Enrique Rincón,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El párrafo 7º. de la sección 22 de la Ley No. 32 de 1917, dispone lo siguiente:

"Para el efecto de graduar los honorarios, se entiende por valor de las que están gravadas con hipotecas, el precio por el que se transmitan, más el que representen las hipotecas cuando queden subsistentes."

Cuando el recurrente trató de inscribir la compra de una finca, el Registrador insistió en que pagara honorarios no sólo sobre la base del precio de $200 en que adquirió la finca, sino también sobre la base del valor de las hipotecas que dicha finca garantizaba.

El recurrente sostiene que las hipotecas deben considerarse únicamente cuando forman parte del precio de la compra, pero es evidente que la ley no dice tal cosa. Ciertamente, podría dudarse de si las hipotecas en realidad forman parte del precio de la compra en cualquier caso corriente. El comprador paga el valor del terreno después de calcular y deducir el valor de las hipotecas.

En el caso de *Vilella Vélez* v. *El Registrador de Mayagüez*, 38 D.P.R. 987, resolvimos que la intención de la ley era que el comprador pagara sobre la base del precio realmente transmitido, así como también por el valor de las hipotecas existentes, pero no estuvimos conformes en que debía resolverse que el precio de la compra incluyera el supuesto valor del terreno en el mercado, y que entonces se agregara el valor de las hipotecas, toda vez que tal procedimiento equivaldría a exigir que el comprador pagara honorarios dos veces sobre el valor de las hipotecas. En el presente caso el comprador tiene que pagar sobre la base del precio transmitido y del valor de las hipotecas, que es lo equivalente del valor que se supone tenga el terreno en el mercado. No importa, y el recurrente está dispuesto a admitirlo así, que algunas de las hipotecas ya no existan. El recurrente pudo haber obtenido su cancelación en debida forma.

*Debe confirmarse la negativa del registrador.*