María Deliz, neé María Roig Marietti, demandante y apelada, *v.* Luis A. Deliz, demandado y apelante.

No. 4821.—*Sometido:* Abril 26, 1929. *Resuelto:* Julio 26, 1929.

*R. Díaz Collazo,* abogado de la apelante; *Arjona & Arjona,* abogados del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

En el análisis final, esta apelación sólo envuelve un conflicto de prueba, y no podemos decir que la corte erró al apreciarla. Probablemente, si la corte hubiese fallado a favor del esposo o tanto en contra de la demanda como de la contrademanda, no habríamos revocado su actuación. La demandante declaró como testigo de la parte demandante, al igual que del demandado, y el caso dependía grandemente de su declaración. El apelante trata de impugnarla.

La dicha demandante había presentado prueba tendente a demostrar insultos y otras faltas del demandado en presencia de una visita; y sin embargo, no se trajo a la visitante como testigo. Es regla de evidencia suficientemente expuesta en las leyes, de que la declaración de un solo testigo, si es creída, puede ser aceptada por la corte en el sentido de que prueba el caso. Artículo 18 de la Ley de Evidencia. Por consiguiente, no es necesaria la corroboración, y el que se deje de corroborar no constituye una supresión de prueba.

De igual modo, el apelante insiste en contradicciones e inconsistencias en la declaración de la demandante. Esta era cuestión que se dirigía al peso de la prueba. Cuando un testigo exagera o aun deja de decir la absoluta verdad respecto a ciertos particulares, ello no es motivo para rechazar su declaración. De lo contrario, aquellas personas dadas a exagerar o a fantasear en sus manifestaciones jamás podrían ser testigos. Ordinariamente, puede estarse seguro de que el juez o el jurado harán concesiones. No estamos resolviendo que muchas de las aseveraciones de la testigo eran hiperbólicas.

Las contradicciones entre testigos de la misma parte son muy frecuentes. Comentamos este extremo en el caso de *El*

*Pueblo* v. *Ramos,* 35 D.P.R. 765. Los testigos necesariamente varían en sus relatos.

No hallamos que sea erróneo el que se permita que un testigo exprese el contenido de una carta cuando ésta fué destruída por el propio apelante.

El apelante habla de la preponderancia de la prueba. Hay lo suficiente en los autos para justificar las conclusiones de la corte. Vamos más lejos, y decimos que cuando el demandado presentó a la demandante como su propio testigo, admitió su veracidad en general. No estaba obligado a llamarla a declarar, y, en verdad, no tenía derecho a hacerlo con el mero propósito de contradecirla. Esta actitud de parte del demandado necesariamente fortaleció el caso de la demandante. Algunas de estas consideraciones aparecen en la opinión del caso de *El Pueblo* v. *Méndez,* resuelto en mayo 28, 1929. (39 D.P.R. 653).

Otro señalamiento de error se funda en haber dejado la corte de hacer conclusiones más específicas. El tribunal dijo que se habían probado las alegaciones de la demanda y que el caso era uno en que había conflicto de prueba. De la opinión es aparente que la corte creyó las declaraciones ofrecidas por la demandante. La ley aprobada por la Legislatura en 1925 (Ley No. 25 de 1925, p. 179) dice que en caso de conflicto de prueba el juez debe expresar las razones que lo inducen a llegar a una conclusión. Cuando aparece que la corte creyó a un grupo de testigos más bien que a otro, poco más puede exigirse. No creemos que fuera la intención del legislador que el juez manifestara que un testigo no merece crédito debido a sus palabras, su actitud o sus gestos, y dudamos que la Legislatura tenga derecho a exigirle a un juez requisitos tan minuciosos. Sea ello como fuere, surge la cuestión relativa a lo que debe hacer este tribunal de apelación en caso de que el juez deje de exponer sus conclusiones de hecho. ¿Debemos devolver el caso para nuevo juicio, o debemos exigirle al juez, después de muchos meses de cele- brado el juicio, que revele todas sus más íntimas ideas? Re-

solvemos lo contrario. Frecuentemente, el juzgador no puede exponer todos los motivos que ha tenido para llegar a una conclusión de hecho. Hay envuelta cierta cantidad de intuición en el proceso. El apelante, además, no solicitó conclusiones adicionales. Esto, al igual que el dejar de solicitar instrucciones mejores o corregidas en causas criminales, constituye una renuncia por la parte perdidosa, o algo similar. La apelada también insiste en que cuando la corte dice que hay preponderancia de la prueba a favor de una parte, esta manifestación constituye un cumplimiento del estatuto. En conjunto, nos inclinamos al criterio de que, en lo concerniente al conflicto en la prueba, la ley es más bien directoria que imperativa. Nos reservamos para una determinación ulterior la cuestión de cómo la nueva ley afectó nuestra decisión en *Paganacci* v. *Lebrón,* 24 D.P.R. 796, y los otros casos que la han seguido.

La admisión de una contestación a una pregunta hipotética que no fué hecha en debida forma fué un error inofensivo. El juez manifestó que no le prestaría atención alguna a la evidencia objetada si la hipótesis no se basaba en prueba admitida.

*Debe confirmarse la sentencia apelada.*

El Juez Presidente Señor del Toro no intervino.