CONGRESS CIGAR COMPANY, INC., demandante y apelada, *v.* FRANCISCO OTERO y MARÍA DE LA CRUZ ROSARIO, demandados y apelantes.

No. 5110.—*Sometido:* Marzo 3, 1931.—*Resuelto:* Mayo 19, 1932.

*Luis A.* y *Miguel A. García del Rosario,* abogados de los apelantes; *M. García González,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Los dos demandados apelan de una sentencia que declaró

con lugar la demanda y sin lugar la contrademanda por ellos formulada y los condena a pagar a la demandante el saldo aceptado por los demandados de un contrato de refacción agrícola para una plantación de tabaco.

██ ██ El primer motivo que se alega para que revoquemos dicha sentencia y para que dictemos otra contraria es error de derecho al aplicar la corte indebidamente la Ley No. 25 de 1925 (pág. 179) relativa a la opinión y relación del caso, diciéndose que la corte inferior ignoró los preceptos de dicha ley.

La corte dijo en su relación del caso y opinión, fundamento de su sentencia, que la evidencia fué contradictoria pero que la preponderancia de ella estaba a favor de la parte demandante, por lo que a favor de ella resolvía dicho conflicto; y que como resultado de la evidencia que se presentó declaraba probados satisfactoriamente todos y cada uno de los hechos alegados en la demanda y declaraba en contrario que no se probaron en manera alguna los hechos de la contrademanda en la que se alega que la demandante faltó al cumplimiento de su contrato.

Esa relación y opinión da por probados todos y cada uno de los hechos de la demanda y por no probados los hechos de la contrademanda, lo que equivale a consignar los hechos probados en que funda su relación, resultando así un cumplimiento substancial de la ley citada, que es lo que hemos requerido en nuestras decisiones en los casos de *Román* v. *Sucn. Domich,* 38 D.P.R. 410, y la de *Montañez* v. *Sucn. García,* 36 D.P.R. 226. En cuanto a la resolución del conflicto de la evidencia ya hemos visto que la corte inferior dió crédito a la prueba de la demandante y lo negó a la de los demandados; y en el caso de *Deliz* v. *Deliz,* 40 D.P.R. 79, con referencia a la ley de 1925 en cuanto requiere que en caso de conflicto de prueba el juez debe expresar las razones que lo inducen a llegar a una conclusión, hemos dicho que cuando aparece que la corte creyó a un grupo de testigos más bien

que a otro grupo de testigos, poco más puede exigirse. También en él se dijo:

"No creemos que fuera la intención del legislador que el juez manifestara que un testigo no merece crédito debido a sus palabras, su actitud o sus gestos, y dudamos que la Legislatura tenga derecho a exigirle a un juez requisitos tan minuciosos."

En consecuencia, no existe ese alegado error.

El segundo error es por haber sido declarada sin lugar la contrademanda; y el cuarto, que entendemos está relacionado con el segundo, es por manifiesto error en la apreciación de la prueba.

Los recurrentes no han alegado error en cuanto a haber declarado probados la corte inferior todos y cada uno de los hechos de la demanda, o sea, en pocas palabras, que la demandante se comprometió por un contrato de crédito refaccionario celebrado el 26 de octubre de 1926 a entregar parcialmente al demandado Francisco Otero, de cuyo contrato se hizo responsable solidariamente la demandada María de la Cruz Rosario, hasta la cantidad de $2,250 con intereses del 8 por ciento anual, para sembrar tabaco en treinta cuerdas de terreno en Corozal; contrato que fué liquidado el 27 de junio de 1927 de acuerdo entre la demandante y los demandados con un saldo a favor de la demandante de $1,775.11; y que tal saldo no ha sido pagado a la demandante desde el 30 de junio de 1927, que es la fecha del vencimiento del contrato.

Según la contrademanda, en la que se reclama indemnización por perjuicios, el cosecho de tabaco se perdió por culpa de la demandante por haberse negado a entregar dinero al comenzar la recolección del fruto en abril o mayo de 1927 cuando aun quedaban por entregar $165 del crédito refaccionario, por lo que sólo pudo entregar veinticuatro quintales y diez libras de tabaco.

La prueba fué contradictoria y no vemos motivo para ir en contra de la resolución de la corte inferior al resolver ese conflicto pues hubo prueba creída por la corte demostrativa

de que la plantación de tabaco resultó muy pobre; que Francisco Otero la abandonó y se vino a San Juan; que una tenaz lluvia que hubo destruyó la plantación, a cuenta de la cual sólo se entregó tabaco con valor de $385.34; que no se entregaron los $165 que faltaban del crédito refaccionario porque Otero no fué a buscarlos; y que la demandante, aunque el crédito refaccionario se haya agotado, entrega más dinero cuando la plantación es buena.

El otro motivo alegado, el tercero, es que la corte inferior cometió error al declarar con lugar la demanda en cuanto a la demandada María de la Cruz Rosario. Su fundamento es que la falta de cumplimiento de la demandante a su contrato privó a Francisco Otero de la oportunidad de satisfacer la totalidad del importe del crédito refaccionario y que por eso María de la Cruz Rosario ha quedado libre de su obligación para con la demandante. Hemos visto que no fué por culpa de la demandante que Francisco Otero no pagó totalmente la deuda refaccionaria, y, por tanto, ese error no existe.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.