Joseph T. Rundle, demandante y apelado, *v.* Luz María Fraticelli, demandada y apelante.

Núm. 8414.—*Sometido:* Abril 10, 1942.   *Resuelto:* Abril 14, 1942.

*Carlos D. Vázquez,* abogado de la apelante; *Celestino Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Después que la demandada había contestado la demanda original, el demandante cambió de abogado y éste, sin solicitar permiso de la corte inferior, radicó una demanda enmendada. La demandada, sin hacer objeción alguna, primero excepcionó y luego contestó dicha demanda enmendada quedando el caso listo para juicio. Así las cosas, la demandada a su vez cambió de abogado y éste radicó una moción en la que solicitó la eliminación de la demanda enmendada por el motivo de haber sido radicada sin permiso de la corte y asimismo solicitando se ordenara al demandante suministrarle ciertas especificaciones. La moción fué declarada sin lugar y la demandada apelante en esto basa sus dos primeros señalamientos de error en este recurso. A nuestro juicio carecen de mérito.

La demandada al excepcionar y contestar la demanda enmendada sin hacer objeción alguna a su radicación sin permiso de la corte renunció (*waived*) al derecho que tenía de plantear dicha cuestión. El hecho de que la demandada estuviera posteriormente representada por un abogado distinto no varía la situación, pues las actuaciones del primer abogado obligan a la demandada. La admisión de una alegación enmendada descansa en la sana discreción de las cortes y el derecho a que se cumpla con el requisito de un permiso previo puede ser renunciado por la parte contraria sin que por ello se viole ningún derecho sustantivo o juris-

diccional. 49 C. J. 848, sec. 1253. Es más, en el caso de autos no hubo perjuicio alguno pues a la demandada se le concedió permiso para radicar una segunda contestación enmendada.

■■ En cuanto a la concesión de un pliego de especificaciones, el artículo 124A incluído en nuestro Código de Enjuiciamiento Civil en 1939 (Ley núm. 73 de 1939, (1) pág. 463) tomándolo de la sección 247 del *New York Practice Act,* dispone lo siguiente:

"Artículo 124 A.—*Bill of Particulars.*—Upon application in any case, the court, upon notice, *may direct* a bill of the particulars of the claim of either party to be delivered to the adverse party, and in case of default the court shall preclude him from giving evidence of the part or parts of his affirmative allegation of which particulars have not been delivered. (N. Y. Practice Act. Sec. 247, pág. 139.)" (Bastardillas nuestras.)

No hemos tomado la cita del texto inglés de la ley sino que en dicho idioma aparece transcrita en el texto castellano. Como puede verse el estatuto usa la palabra "may", que en su acepción corriente y salvo casos especiales, denota que el estatuto es directivo y no mandatorio y por tanto concede discreción a las cortes para conceder o no el pliego de especificaciones solicitado de acuerdo con las circunstancias en cada caso.

En el caso de *In re Bird's Estate,* 283 N.Y.S. 588, se resolvió, al interpretar la sección 247 del Civil Practice Act de Nueva York, que el conceder o denegar una moción solicitando un pliego de particulares es discrecional en la corte sentenciadora.

En el caso de autos la demanda enmendada contenía distintas alegaciones de injurias graves y maltrato de palabras y de obras, y también de un acto específico de agresión por parte de la demandada al demandante y la corte inferior consideró innecesarias las especificaciones solicitadas. No creemos que se excediera en el uso de su discreción.

■■ Por el tercer señalamiento se alega que.la corte inferior erró al admitir prueba de actos de agresión no alegados en la demanda enmendada. Dicha prueba era admisible para corroborar el acto específico ya alegado.

La cita que hace el abogado de la apelante en su alegato del último párrafo de la sección 122 de 27 C.J.S. 715, está incompleta. Esta es una práctica censurable que no debe adoptarse por un letrado ante ninguna corte y menos aún ante esta Corte Suprema. La regla que se expone en el mencionado párrafo de la sección de C.J.S. dice así:

"Variance as to cruelty. Where cruelty is alleged as a ground for divorce, the particular acts relied on in the complaint to establish it must be substantially proved as alleged, although nonessential circumstances need not be proved precisely as set forth. Also, the proof should be limited to the particular acts of cruelty relied on as constituting the ground for divorce, *although the court may take into account other acts of cruelty explanatory of the relations of the parties and tending to corroborate the specific acts alleged.*"

Las·bastardillas son nuestras y constituyen la parte suprimida por el abogado de la apelante. Su lectura demuestra que aun cuando la regla general es como la expresa el apelante, la prueba de corroboración es también admisible. Más adelante en 27 C.J.S., *Divorce,* sec. 130, al tratar específicamente sobre la prueba admisible en casos de trato cruel, se expone la excepción a la regla general, diciéndose: "evidencia de otros actos de crueldad puede ser admitida para explicar, *corroborar* o *agravar* los alegados como fundamento del divorcio . . ." y se sostiene que su admisión descansa grandemente en la discreción de la corte.

En el caso de autos el demandante alegó en la demanda enmendada que la demandada, además de las injurias graves que de palabra le dirigía, lo agredió con una silla con tal fuerza que la silla se rompió infiriéndole un fuerte golpe en el costado. Estas alegaciones fueron probadas y la prueba adicional al efecto de que la demandada le tiró al demandante con un salero no tuvo otro alcance que corroborar los

hechos alegados como fundamento del trato cruel. Si tomamos en consideración, además, el hecho de que después de haber el demandante presentado dicha prueba se suspendió la vista del caso para continuarla siete días después, no se puede sostener, como alega la demandada, que fué sorprendida con la misma y no tuvo tiempo de refutarla. No se cometió el error.

■■■■■ Los demás señalamientos se refieren a la apreciación que de la prueba hizo la corte inferior, alegando la apelante que cometió manifiesto error. Para sostenerlos se llama la atención por el abogado a varias discrepancias y aparentes contradicciones entre las declaraciones de los testigos del demandante y lo declarado por él. Hemos estudiado los autos y si algo tienden a demostrar esas discrepancias es que los testigos no estaban instruídos previamente en cuanto a la forma exacta en que debían declarar. Como se dijo en el caso de *Pueblo* v. *Ramos,* 35 D.P.R. 765, ''es raro que los testigos de una de las partes estén de acuerdo respecto a los detalles. Es mucho más probable estar en completa armonía en casos en que los testigos han sido preparados.''

Nada encontramos en la prueba que nos autorice a variar la conclusión a que llegó la corte inferior cuando se expresó en su opinión en esta forma:

''. . . La prueba del demandante demuestra, sin lugar a dudas y vacilaciones, que desde algunos meses después de casado la demandada, con mucha frecuencia, lo insultaba y que en tres ocasiones agredió al demandante sin cuasa o motivo alguno para ello. La prueba de la demandada fué muy débil y la misma no nos merece crédito. Los testigos del demandante, esposos García, quienes convivieron con las partes varios meses, nos han merecido entero crédito. La propia demandada admite que dichos esposos son gente buena y respetable.

'' *   *   *   *   *   *   *

''Del análisis que hemos hecho de toda la evidencia, llegamos a la conclusión de que las frases y actos de la demandada para con el demandante no eran el resultado de un disgusto violento y sí de-

260

muestran el propósito firme y decidido de la misma de estar continuamente molestando, injuriando y ofendiendo al demandante hasta hacerle al mismo insoportable la vida conyugal, destruyendo por completo la tranquilidad y felicidad del demandante y anulando asi los fines legítimos del matrimonio.''

Los hechos en el caso de *Gómez* v. *Trujillo*, 59 D.P.R. 468, citado por la apelante, y especialmente la prueba que la demandada presentó en dicho caso, lo distinguen y hacen inaplicable al de autos.

*Debe desestimarse el recurso y confirmarse la sentencia apelada.*