ARTURO APONTE PARÉS, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE HUMACAO, recurrido.

*Número:* O-77-295        *Resuelto:* 15 de septiembre de 1977

---

[2] El demandante declaró que la finca "dio una sola siembra de caña." T.E. pág. 32, L 15.

*Arturo Aponte Parés,* por su propio derecho; el Registrador recurrido, compareció por escrito.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

En ejecución de sentencia por $44,000 originada en pleito sobre honorarios de abogado, el recurrente Aponte Parés embargó y llevó a subasta una finca de 30.25 cuerdas radicada en el Municipio de Las Piedras que estaba previamente gravada con tres hipotecas, dos a favor del tenedor de pagaré y la otra a favor de "Economic Development Administration" para un total de $1,558,500.00. El recurrente fue el único licitador en la subasta en la que se le concedió la buena pro por su oferta de $1,000.00 Al presentar la escritura de venta judicial en el Registro acompañó un comprobante de $1.00, computando los derechos de arancel sobre el precio en subasta. El Registrador devolvió el documento con nota en que señala una deficiencia de $3,093.00 en derechos que dice así:

"Se deniega el asiento de presentación de este documento debido a que falta un comprobante de $3,093.00 para completar derechos de inscripción. La finca tiene hipotecas que suman $1,558,500.00. El presentante fue notificado de dicho defecto.

(Fdo.) Oscar Ortiz Martínez
Registrador."

■ El recurrente hace depender su caso de una cita inconclusa(¹) de *Vilella* v. *Registrador*, 38 D.P.R. 987, 988 (1928), que al leerse completa le da la razón al recurrido en su parte omitida que dice: "La intención de la ley fue que el comprador pagara derechos sobre el valor real de la tierra, representado por la cantidad de dinero que pasaba de manos, más el montante de hipoteca o hipotecas existentes sobre la propiedad, y esto fue en realidad lo que se hizo en este caso."

■ En *Empire Life Ins. Co.* v. *Registrador*, 105 D.P.R. 136 (1976), donde no quedaba gravamen subsistente por ser primera hipoteca la ejecutada en subasta, se tomó como valor del inmueble y base para cómputo de derechos de arancel, el principal de $7,000,000 de la hipoteca ejecutada en vez del precio de $150,000 importe de la licitación que obtuvo la buena pro en la subasta. Dijimos entonces que dicho método para determinar el valor sujeto a arancel acerca la operación de Registro "a la realidad del verdadero valor del inmueble" y excluye la ficción que representan los valores irrisorios.

■ Aquí no está presente el vínculo relativo de valoración entre principal de hipoteca y el valor del inmueble ejecutado. No se ejecuta una hipoteca sino una obligación personal por honorarios profesionales. La sentencia de $44,000 obtenida por el ejecutante no es índice alguno del valor de la finca rematada, como tampoco lo es la oferta de $1,000 por la que se adjudicó la subasta.

La finca ejecutada por el recurrente está gravada por tres hipotecas anteriores y preferentes a su crédito por honorarios, para un total de $1,558,500.00. A diferencia de *Empire Life Insurance*, supra, estas cargas o gravámenes anteriores al crédito del actor continuarán subsistentes, entendiéndose que el rematante los acepta y queda subrogado en la responsabilidad de los mismos, sin destinarse a su extinción el precio del remate. Roca Sastre, *Derecho Hipotecario*,

---

(¹) Práctica vedada en *Rundle* v. *Fraticelli*, 60 D.P.R. 255, 258 (1942).

Tomo 4, Vol. 2, págs. 1013 y 1053, Sexta Ed. (1968) ; *Trautmann* v. *P.R. Ore Co.*, 46 D.P.R. 775 (1934).

■ En la venta, voluntaria o forzosa de finca hipotecada, si subsisten gravámenes anteriores y preferentes, los derechos de Registro se gradúan conforme al Art. 2, Norma Duodécima de la Ley Núm. 91 de 30 de mayo de 1970 (30 L.P.R.A. sec. 1767b) que ordena:

"En caso de enajenación, cesión o compraventa de fincas gravadas con hipotecas según el Registro de la Propiedad, de no constar del documento la inclusión de dichas hipotecas en el precio de venta, se tomará como base el precio de la enajenación, cesión o compraventa o la suma total de las hipotecas, lo que resulte mayor a los efectos de la cancelación de los correspondientes derechos de inscripción."

■ La citada norma responde al propósito legislativo de que el Arancel se aplique sobre la base que mejor refleja el valor en el mercado de la propiedad transmitida. *Somohano* v. *Registrador*, 39 D.P.R. 774, 775 (1929) ; *Vilella*, supra.

*La nota denegatoria del Registrador será confirmada.*

El Juez Asociado Señor Rigau no intervino.