FLORENCE DOTY, petitioner-appellant,

*v.*

ELMER E. DOTY, defendant-respondent.

[Submitted March term, 1921.   Decided June 20th, 1921.]

1. A husband's conduct to justify his wife in leaving him, need not consist of actual physical violence, but is sufficient if it endangers her life or health, or renders her life one of such extreme discomfort and wretchedness as to incapacitate her to discharge the duties of a wife.

2. In a wife's action for divorce on the ground of desertion, evidence that her husband frequently became intoxicated, preventing him from having steady employment and providing necessities for his wife and children, that he called the wife vile names and charged her with infidelity, that he introduced dissolute men and women in his home and caroused with them till one or two o'clock in the morning, at which time much indecent and profane language was used, and that the wife, by reason thereof, was unable to obtain proper sleep, and lost her health—*Held*, to establish constructive desertion on the part of the husband, such conduct being sufficiently cruel to justify his wife in leaving him.

On appeal from a decree of the court of chancery dismissing the petitioner's petition for divorce.

*Mr. Robert Newton Crane,* for the appellant.

No appearance for the respondent.

The opinion of the court was delivered by

KALISCH, J.

The appeal in this cause presents the question whether the testimony taken at the hearing before the special master was sufficient to warrant a decree in the petitioner's favor upon a petition filed by her for a divorce from her husband based upon the statutory ground of desertion. The advisory master who reviewed the testimony taken and the findings thereon by the special master thought it was not, and advised a dismissal of the petition, which was decreed by the court below accordingly.

For the appellant it is contended that the decree is erroneous, in that under the evidence adduced and the settled law applicable thereto a case of constructive desertion was established which entitled the petitioner to the relief prayed for.

The petitioner left her husband. She asserts that she was compelled to leave him because of his cruel conduct toward her. In this she stands fully corroborated by other witnesses. What that cruel conduct must consist of in order to justify a wife to leave her home seems to us was well stated by Vice-Chancellor Van Fleet in *Black* v. *Black, 30 N. J. Eq.* (at *p. 221*), where that learned jurist said: "To justify a divorce *a mensa et thoro,* actual physical violence need not be proved, but such conduct, by the husband, must be shown as will justify the court in believing that, if he is allowed to retain his power over his wife, and she is compelled to remain subject to him, her life or her health will be endangered, or that he will render her life one of such extreme discomfort and wretchedness as to incapacitate her to discharge the duties of a wife. *Close* v. *Close, 10 C. E. Gr. 529; English* v. *English, 12 C. E. Gr. 585.*"

This legal rule was approved and applied by this court in

*Smith* v. *Smith, 40 N. J. Eq. 595,* a case for divorce upon the ground of extreme cruelty.

The facts of the present case, as developed by the testimony, briefly stated, are, that the parties were married in December, 1909, and cohabited together until August 17th, 1917, during which period a male child was born to them, who, at the time of the filing of the petition, was seven years of age. That on the date last mentioned the petitioner-appellant was compelled to leave her home and take her child with her by reason of a long course of her husband's persistent abuse of her which resulted in breaking down her health and causing her to be afflicted with a serious nervous trouble, that threatened to permanently destroy her health and comfort if she continued to live with her husband. That some of the misconduct of the husband consisted in his becoming frequently intoxicated which prevented him from having steady employment and thus brought about idleness and its natural consequence inability for long periods of time to provide even the necessaries of life for his wife and child; that he called his wife vile names and charged her with infidelity to her marriage bed; that he introduced dissolute men and women into his home and caroused with them until one and two o'clock in the morning, in which carousals much indecent and profane language was used so that the petitioner, who had repeatedly protested in vain to her husband against such behavior, was unable to obtain proper sleep and rest at nights which rapidly undermined her health.

We think the conduct on part of the defendant justified the petitioner in leaving her home, and to stay away from him until he gave her the assurance that he would mend his conduct, and would treat her with that love and affection such as a wife should be treated, and ask her to come back and live with him, in a home which he was willing and ready to provide for her. This he never did. From aught that appears, the husband never expressed any contrition for his treatment of the petitioner, and never offered to alter his behavior toward her for the better, and to abandon his dissolute habits and companions, and made no *bona fide* effort to have her come back and live with him, but, on the contrary, it appears, uncontradicted, that not only has he

failed to contribute anything toward the support of his wife and child, or even offered to do so during the years of separation, but has added to his misdoings by taking up improperly with the companionship of another woman.

We think the petitioner established a clear case of constructive desertion and therefore she was entitled to the relief prayed for in her petition.

The decree must be reversed and the record remitted to the court of chancery, in order that a decree for divorce be granted by it to the petitioner in accordance with the prayer of her petition, with costs.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, Katzenbach, White, Heppenheimer, Williams, Gardner—13.