MERCED VELÁZQUEZ FIGUEROA, demandante y apelante, v. SUCN. DE JUAN B. BLANCO GUZMÁN, compuesta de su Viuda TERESA LÓPEZ CEPERO y sus hijos JESÚS, LUCÍA, JUAN, AURORA, TERESA, PÍO, GALO y CARMEN BLANCO LÓPEZ, demandada y apelada.

Núm. 7047.—*Sometido:* Junio 5, 1936. *Resuelto:* Julio 6, 1936.

*Angel A. Vázquez,* abogado del apelante; *Juan B. Soto* y *Juan F. Soto,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO, emitió la opinión del tribunal.

El demandante en este caso, alegando ser portador y dueño de dos pagarés por $5,000 cada uno, expedidos por Juan B. Blanco Guzmán, para vencer ambos en 7 de diciembre de 1930, radicó demanda el día 19 del mismo mes y año, contra

los demandados y apelados, en cobro del principal y de sus intereses al tipo de 12% anual, y pidió sentencia por un total de $14,800. Ambos pagarés, fueron expedidos el 7 de diciembre de 1926 y eran pagaderos al portador.

El párrafo III de la demanda lee así:

"III.—El 27 de diciembre de 1929 falleció el deudor Juan B. Blanco Guzmán, dejando como únicos y universales herederos suyos a su viuda Teresa López Cepero y a sus legítimos hijos Jesús, Lucía, Juan, Aurora, Teresa, Pío, Galo y Carmen Blanco López."

Contra esa demanda interpusieron los demandados la excepción general de insuficiencia de los hechos alegados para constituir una causa de acción. Dicha excepción fué declarada sin lugar.

Contestaron los demandados negando de manera absoluta que el demandante fuera dueño de los ameritados pagarés y que los demandados sean los herederos del fenecido Juan B. Blanco Guzmán. Y como defensa adicional alegaron que ninguno de los demandados ha aceptado, ni pura y simplemente, ni a beneficio de inventario, la herencia del finado Blanco Guzmán; que aunque el citado Blanco Guzmán otorgó los pagarés en controversia, no los entregó a nadie sino que los retuvo en su poder hasta el tiempo en que ocurrió su muerte; que según información y creencia de los demandados, después de muerto Blanco Guzmán, dichos pagarés fueron sustraídos del lugar donde éste los guardaba; y que el demandante ha adquirido dichos documentos de manera fraudulenta, sin causa ni consideración y sin el consentimiento del otorgante.

El juez sentenciador, al declarar sin lugar la demanda, establece las siguientes conclusiones de hecho:

"El demandante trató de probar cómo había adquirido estos pagarés, pero su declaración es tan inverosímil, incurrió en tantas contradicciones, y su manera de declarar fué tan deficiente, que tenemos la seguridad absoluta de que el demandante a pesar de que es el tenedor de las obligaciones, no es el dueño de las mismas.

"Basta leer su declaración para darse cuenta inmediatamente de

lo inverosímil de la historia que hace en relación con la forma en que adquirió estos documentos.

"De la prueba aparece que don Juan B. Blanco vivía en concubinato con una señora con quien sus hijos no tenían relación alguna, y que fué en los momentos de su muerte cuando llamó a su hijo Juan, quien no pudo o no se hizo cargo de los documentos de su padre que estaban bajo la custodia o el cuidado de la concubina que lo acompañaba.

"Estamos convencidos, como antes hemos dicho, de que el demandante no es dueño de estos pagarés, y nuestra conciencia se resiste a dictar una sentencia en este caso a favor del demandante, a pesar de que los documentos se hallan en su poder."

Es contra esa sentencia que se ha interpuesto el presente recurso.

Antes de considerar la única cuestión de derecho que se nos presenta por los alegatos de ambas partes, haremos un breve examen de la prueba practicada con el fin de determinar si las conclusiones a que llegó la corte inferior están justificadas por la evidencia.

Presentó el demandante los dos pagarés objeto de la demanda, ambos del mismo tenor. Admitidos dichos pagarés, el demandante hizo constar que habiendo los demandados negado que el demandante era portador y dueño de los pagarés, el demandante se abstiene de presentar prueba en cuanto a los demás hechos de la demanda, por haber sido éstos admitidos, unos directamente, otros en virtud de *negatives pregnant* y otros por contestaciones insuficientes y evasivas, que envuelven admisiones.

Desestimada una moción de *nonsuit* formulada por los demandados, ofrecieron éstos las siguientes declaraciones:

Juan B. Blanco López declaró:

Que su padre Juan B. Blanco Guzmán vivía con una concubina desde hacía años; que al enfermarse de gravedad su padre, éste mandó buscar al declarante, quien fué a casa de la concubina y que allí, en una caja de madera que había en un ropero en la habitación de su padre vió los dos pagarés; que los vió allí como media hora antes de morir su padre, por

haberle indicado éste que en la caja había varios documentos que el declarante debía conservar y que por eso el declarante abrió la caja y vió allí los dos pagarés; que no salió de allí hasta después de muerto su padre cuando fué a hacer las diligencias para el entierro; que después del sepelio se llevó la cajita que contenía los documentos y al examinarla de nuevo, algunos días después, notó que faltaban los pagarés; que los pagarés fueron sustraídos de la caja después de muerto su padre, mientras el declarante hacía las diligencias funerarias, lo que pudo ocurrir fácilmente por haber muerto su padre en casa de una mujer que no era su esposa y sí su concubina.

Merced Velázquez, demandante, declaró:

Que adquirió los dos pagarés en noviembre de 1930, de manos de Gregorio Cubero, quien se los dió en pago de $5,300 que le debía; que entre 1926 y 1927 el declarante había prestado a Cubero $2,000 en efectivo, en varias partidas de $200 y que el resto se lo adeudaba Cubero por comisiones sobre ventas de fincas urbanas que el declarante había efectuado como agente de Cubero; que le hizo el préstamo a Cubero porque éste, que era constructor de obras, le iba a dirigir la construcción de una casa, pero que nunca le hizo la casa y le quedó a deber el dinero; que para esa época de 1926 a 1928 el declarante tenía dinero en los bancos; que no hizo declaración de *income tax* por el crédito representado por los pagarés; que poco antes de prestarle el dinero a Cubero, el declarante se había dedicado al comercio, en el que cesó porque quebró, y que después de quebrado fué que hizo los préstamos a Cubero; que Cubero no le dió constancia alguna por las cantidades que él le entregaba y que el declarante nunca le exigió documento alguno que acreditara los préstamos que le hacía; que no tiene libros en que aparezcan las fechas de los citados préstamos; que nunca le cobró a Cubero ni le exigió garantías por las sumas prestádasle, ni tampoco por las sumas que Cubero adeudaba al declarante por comisiones; que los préstamos fueron siempre hechos en efectivo y nunca

en cheques; y que no recuerda si en las fechas en que hizo los préstamos a Cubero, el declarante tenía fondos en los bancos.

Gregorio Cubero, declaró:

Que es constructor de obras; que fué dueño de los dos pagarés que motivan este pleito, y que los dió al demandante en pago de una deuda de $5,300, de la cual $2,000 procedían de varios préstamos y el resto de comisiones; que él iba a dirigir una obra del demandante pero que después no pudo hacerlo y le quedó debiendo el dinero; que el declarante adquirió los dos pagarés de manos de Rafael Veve Carrillo en una operación de permuta de fincas que efectuaron entre sí y que Veve los adquirió de Juan B. Blanco Guzmán en un negocio de fincas; que no recuerda las fechas en que el demandante le hiciera los préstamos; que nunca dió constancias o garantías de las deudas al demandante; que el demandante no le cobró al declarante, pero que éste le dió los pagarés a pesar de que representaban una suma mayor que el doble de la suma que él adeudaba y de que sabía que los pagarés estaban próximos a vencer.

Habiendo anunciado los demandados que renunciaban a la declaración que habían ofrecido del testigo Rafael Veve Carrillo, el demandante pidió a la corte que al dictar sentencia tuviera en cuenta las disposiciones del inciso 5 del artículo 102 de la Ley de Evidencia, que establece la presunción de que la evidencia renunciada hubiera sido adversa a los demandados.

Se imputa a la corte inferior la comisión de los siguientes errores:

1. Al dictar sentencia desestimando la demanda, basándose en escrúpulos de conciencia y no en los méritos de las alegaciones y de las pruebas, desconociendo así los derechos del demandante como portador y dueño de dos pagarés traspasados de buena fe, por valor recibido, antes de su vencimiento.

2. Al desestimar la demanda sin tomar en consideración la renuncia voluntaria que hicieron los demandados de la declaración del testigo Rafael Veve Carrillo.

■■ La resolución del primer error señalado no ofrece dificultad alguna. Los párrafos de la opinión de la corte inferior que hemos transcrito revelan claramente que la sentencia no está basada en meros escrúpulos de conciencia del juez sentenciador, sino en una cuidadosa apreciación y aquilatación del testimonio dado por el propio demandante, para sostener su derecho al cobro de los pagarés. El juez que presidió la vista y ante el cual depuso el demandante, tuvo la oportunidad, que no puede tener esta corte, de ver al demandante en persona, de observar su manera de declarar, de oír y ver brotar de sus labios las contradicciones y de ir formando gradualmente en su conciencia la convicción de que el demandante no tenía derecho a la sentencia que solicitaba. Un juez, que después de oír la historia que le hace un demandante, la cree inverosímil; que observa la actitud y manera de declarar de ese demandante y la encuentra deficiente; y que nota las numerosas e inexplicables contradicciones en que incurre en su declaración, tendría realmente que violentar su conciencia para poder dictar una sentencia favorable a ese demandante.

Es al juez sentenciador a quien la ley concede la facultad de apreciar la prueba y de juzgar acerca de la credibilidad de los testigos. Y no puede ni debe el tribunal de apelación revocar un fallo, por supuestos errores en la apreciación de la evidencia, a menos que se alegare y probare o de los autos resultare evidente que el juez había actuado movido por pasión, prejuicio o parcialidad o que había incurrido en error manifiesto. Y en este caso no se ha alegado ninguna de esas causas de revocación.

■ Del resumen de la prueba que aparece en la exposición del caso, no surge el convencimiento de que la corte inferior haya errado al apreciarla. Surge más bien la inverosimilitud del relato que hace el demandante, para sostener que es no sólo tenedor, sino también dueño de los pagarés. Se hace difícil creer que un hombre que ha quebrado en el comercio, empiece poco tiempo después a hacer préstamos a otra persona, durante un período de dos o tres años sin obtener del

prestatario recibos por las sumas prestadas; que se hagan esos préstamos a una persona que ya debe al prestamista una suma considerable por comisiones de ventas; y por último, que el deudor de esos préstamos y comisiones, por un total de $5,300, sin que su amigo le haya apremiado para que le pague, le haya entregado a su acreedor dos pagarés hipotecarios de un valor total al vencimiento de $14,800, pocos días antes del vencimiento de esas obligaciones. No nos sorprende que la conciencia del juez sentenciador se haya resistido a dar crédito a las declaraciones del demandante y de su alegado cedente Gregorio Cubero.

El caso de *Cortés* v. *Palén,* 39 D.P.R. 361, citado por el apelante, no es aplicable al presente. En el citado caso se interpuso la defensa de que el pagaré era apócrifo o simulado. Y esta corte, después de un examen minucioso de los autos, llegó a la conclusión de que la prueba de la simulación no era bastante para destruir la presunción de verdad que lleva consigo el documento, cuya autenticidad estaba fuera de dudas. En el presente caso no se ha entablado contienda alguna sobre la autenticidad de los dos pagarés. Se ha admitido por los demandados que el finado Blanco Guzmán firmó los pagarés. Lo que se ha negado específicamente es que el citado Blanco Guzmán los hubiera entregado o negociado a persona alguna, alegándose en contrario que los pagarés estuvieron en su poder hasta el momento de su muerte y que después de ocurrida ésta los documentos fueron fraudulentamente sustraídos.

Alegó el demandante que los demandados eran los únicos y universales herederos del finado, pero ese hecho esencial fué específicamente controvertido por los demandados, quienes negaron tener tal condición de herederos. Y establecido ese *issue* fundamental, era deber del actor probar su alegación, para que de esa prueba surgiese la existencia de una causa de acción en contra de los demandados. Del récord del caso aparece que el demandante se limitó a presentar los pagarés y que no presentó prueba alguna para es-

tablecer el hecho de que los demandados fueran los herederos de Blanco Guzmán. Es ésa una insuficiencia de la prueba, que seguramente fué tenida en cuenta por la corte sentenciadora al dictar la desestimación de la demanda y que hubiese justificado la concesión de la moción de *nonsuit* hecha por los demandados al finalizar la presentación de la prueba del demandante.

Las diversas cuestiones presentadas por los apelados son interesantes y dignas de serio y detenido estudio, pero no creemos necesario resolverlas por ser académicas, toda vez que la sentencia ha sido favorable a los demandados y que hemos resuelto confirmarla.

El segundo error señalado por el apelante es enteramente frívolo y como tal debe desestimarse.

*Por los motivos expuestos debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.