JOHN F. McCABE, petitioner-respondent,

*v.*

MARGARETTE McCABE, defendant-appellant.

[Submitted February 4th, 1941. Decided April 25th, 1941.]

*Mr. Samuel K. Sobel,* for the appellant.

*Mr. Irving N. Yankowitz,* for the respondent.

The opinion of the court was delivered by

Colie, J.

This appeal seeks reversal of a decree of the Court of Chancery granting to the husband, John F. McCabe, a divorce from bed and board upon the grounds of extreme cruelty and desertion.

Petitioner and defendant were married April 1st, 1918. There are no children of the marriage. Immediately after the marriage, the husband entered the military service of the United States and continued therein for nineteen months. Upon his discharge, the parties lived at 156 then at 158 Court street, Newark, until 1925 when the wife put the furniture in storage and took a house on Chester avenue. In 1922, the husband learned that the wife had had a child by a man named Robinson or Thomas some ten years prior to their marriage. This started a course of quarreling that has since been continuous. With the renting of the Chester avenue house, some members of the wife's family have always lived in the household. At one time the wife's mother, sister and brother; at another, a sister and two brothers. The record indicates that one of the brothers and the sister each paid $10 a week board. There were numerous changes of residence thereafter and while the husband protested the presence of the wife's family in the home, nevertheless he acquiesced in the changes of residence and in the presence of the "in-laws"—albeit reluctantly. During the period from 1925 to 1938, the couple quarrelled frequently and there were periods when the wife, and her family, talked with him little, if at all. The wife frequently was away from home when the husband returned from work and often he found no meal awaiting him. On many occasions he ate alone. In 1935 the wife accused him of adultery and in 1936 she refused to have sexual intercourse. His version is that whenever he made advances, she rolled herself up in a sheet or blanket and moved from the bed to a couch. In 1936 and 1937, the husband visited a Dr. McCade because he was nervous, had frequent headaches and nosebleeds. His weight dropped from 190 to 160 pounds, although it was up to 177 pounds at the time of the hearing. The husband says that in the past five or six years he had not missed a day's work. The wife denied that she called him a

"whoremaster" as he testified, denied refusing to have sexual intercourse and her testimony is uncontradicted that they slept in the same bed until he left the home in 1938.

Bearing in mind that it was at all times within the legal rights of the husband to have insisted upon a home in which he might live with his wife, free from the annoyance of her family, and that the proofs are barren of testimony that the husband's physical condition was due to the treatment that he received from his wife, or that his safety or health was endangered, it seems clear that his case falls far short of the extreme cruelty contemplated by the act *R. S. 2:50-3 (c).* " 'Extreme cruelty,' as used in our Divorce Act, is such cruel conduct as endangers the safety of the person or the health of the aggrieved party, either actually inflicted or reasonably apprehended." *Cavileer* v. *Cavileer, 94 N. J. Eq. 160.* Nor can the decree be sustained on the charge of constructive desertion. The proof is undisputed that the parties shared the same bed until the husband left the home in 1938. This court has held in *Stieglitz* v. *Stieglitz, 92 N. J. Eq. 292,* that where the parties sleep in the same bed, both being competent and having the opportunity of having sexual intercourse with each other, an almost indisputable presumption arises that sexual intercourse did take place.

We have considered the technical reasons urged in the brief of petitioner-respondent as grounds for dismissal of the appeal and find no merit in any of them.

The decree of the Court of Chancery is reversed.

*For affirmance*—PERSKIE, J.   1.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ.   14.