SARA, AMANDA, ANTONIO, JOSÉ y RAFAEL MUÑOZ SASSOT, demandantes y apelantes, *v.* SUCN. DE ELISA LÓPEZ DE AZÚA, ETC., demandada y apelada.

Núm. 9129.—*Sometido:* Diciembre 14, 1945. *Resuelto:* Febrero 21, 1946.

*Ubaldo Aponte,* abogado de los apelantes; *E. Martínez Rivera* y *Luis Blanco Lugo,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El Dr. José María Muñoz casó en segundas nupcias con doña Elisa López de Azúa y falleció el 6 de septiembre de 1941. Los demandantes, hijos legítimos del primer matrimonio del Dr. Muñoz, iniciaron acción sobre adición de partición contra la sucesión de doña Elisa (quien falleció el 6 de julio de 1943), alegando que ciertos bienes (a saber, muebles, vajilla, cristalería y $2,240.80 en billetes y monedas) dejados por ella a su fallecimiento, formaban parte de la sociedad de gananciales del Dr. Muñoz y su esposa doña

Elisa López de Azúa, y debían ser adicionados a la partición hecha por el Dr. Muñoz en su testamento. La corte inferior desestimó la demanda por entender que la prueba de los demandantes no demostró que los bienes dejados por doña Elisa, quien falleció dos años después que su esposo el Dr. Muñoz, habían sido adquiridos durante el matrimonio. Los demandantes apelaron.

En este recurso señalan cinco errores. Todos ellos atacan la apreciación que de la prueba hizo la corte sentenciadora. Después de haber leído detenida y cuidadosamente la transcripción de evidencia somos de opinión que no erró la corte inferior al desestimar la demanda.

■ Los testigos de los demandantes no probaron que los bienes muebles hallados en la casa de doña Elisa al ocurrir su muerte hubieran sido adquiridos por ella durante su matrimonio con el Dr. Muñoz. No se probó en forma alguna en qué fecha fueron adquiridos ni por quién. En cuanto al dinero en efectivo tampoco se probó su origen ni desde qué fecha pudo haberlo obtenido doña Elisa.

Es cierto que de acuerdo con el artículo 1307 del Código Civil (Ed. 1930) "Se reputan gananciales todos los bienes del matrimonio, mientras no se pruebe que pertenecen privativamente al marido o a la mujer," pero dicho artículo sería aplicable a una situación de hechos como los que existen en el caso de autos únicamente en las mismas condiciones en que lo sería a un caso en el que existen bienes al ocurrir el fallecimiento de uno de los cónyuges, es decir: si se hubiera demostrado que dichos bienes fueron adquiridos *durante el matrimonio,* ya que, de acuerdo con el artículo 1301 del Código Civil son bienes gananciales:

"1. Los adquiridos por título oneroso durante el matrimonio a costa del caudal común, bien se haga la adquisición para la comunidad, bien para uno solo de los esposos.

"2. Los obtenidos por la industria, sueldo o trabajo de los cónyuges o de cualquiera de ellos.

"3. Los frutos, rentas o intereses percibidos o devengados durante el matrimonio, procedentes de los bienes comunes o de los peculiares de cada uno de los cónyuges."

La prueba de los demandantes dejó de demostrar que los bienes y el dinero en efectivo dejados al fallecimiento de doña Elisa López de Azúa, dos años después de la muerte de su esposo, fueron obtenidos por ella bajo alguna de las circunstancias especificadas en el artículo 1301, supra.

■ La imputación de que la corte sentenciadora actuó movida por pasión, prejuicio o parcialidad no ha sido probada por los apelantes. *Velázquez* v. *Sucn. Blanco,* 50 D.P.R. 294; *Colón* v. *Gobierno de la Capital,* 62 D.P.R. 25.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Córdova no intervino.