This is an appeal from a decree entered in the Court of Chancery dismissing petitioner-appellant's petition for divorce on the ground of extreme cruelty.
The parties were married January 28th, 1937. Differences arose; there was little forbearance on either side and the domestic situation became critical.
We are persuaded that the husband persistently through the years, at any time, at any place and in any presence, loudly addressed the wife with vile, insulting epithets and with groundless charges of unchastity. He had a violent temper which he made no effort to control. The culmination came on Sunday, December 5th, 1943. The wife had taken an afternoon walk and returned to her home at or before six o'clock P.M. The husband greeted her with a degrading epithet and the accusation that she had been out riding with *Page 560 
a paramour. Upon her denial he, with knife in hand, adjured her to tell the story of her alleged illicit experience, and upon her continued protestation of innocence he threatened to cut her throat if she didn't get out of the house. The incident developed into the calling of a woman neighbor by the name of Stoffel. Mrs. Stoffel responded to the summons on the night of December 5th, and she appeared at the divorce hearing as a witness for the husband. She testified that on the evening of December 5th the husband was white with rage, that he charged his wife with infidelities and said to her "If you don't get out of here tonight you'll be in the hospital," that the witness "wouldn't put it past" the defendant to carry out his threat, that the wife was crying and said, "I'll go, I'll go, but give me the rest of the money," that the husband paid the wife $300 and told her to come for the balance on Monday and that the wife, weeping and without knowing where she was to go, left the house in company with the witness. One Manowitz, who had a money claim against the parties and attended on Monday, December 6th, for the purpose of making the collection, testified that after he had received payment of his bill the husband and wife became involved in an argument regarding the division of the remainder of the fund, whereupon the husband took — "whether it was a baseball bat or a club, I don't know and said, `If you don't give me my money I'll beat your head! * * * He took the bat — I said, `Take it easy.' * * * When he picked up the stick I thought he was going to hit her with it if she didn't come across with what he wanted — the money."
Conduct which endangers the health or safety of the injured party either actually inflicted or reasonably apprehended is extreme cruelty within the meaning of our divorce statute.Rosengren v. Rosengren, 115 N.J. Eq. 283; McCabe v. McCabe,129 N.J. Eq. 431; MacArthur v. MacArthur, 135 N.J. Eq. 215. In the present case the wife was driven from the marital home and the husband's presence by the apprehension of serious bodily injury, an apprehension reasonably grounded in the husband's persistent and increasingly belligerent attitude and in his immediate threats of physical violence with the means at hand for, and the apparent purpose *Page 561 
of, accomplishment. Cf. Doty v. Doty, 92 N.J. Eq. 660; Sachse
v. Sachse, 107 N.J. Eq. 41 (at p. 47). If she were compelled to remain subject to her husband, her physical safety would, in our opinion, be endangered.
We conclude that the extreme cruelty against which the statute gives relief has been proved in this case and that the wife should be awarded a decree of divorce upon that ground. The decree below will be reversed and the record remanded to the Court of Chancery for a decree in accordance with this opinion.
For affirmance — None.
For reversal — THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, COLIE, OLIPHANT, WACHENFELD, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, McLEAN, JJ. 15. *Page 562