JOSEFINA MALDONADO, demandante y apelada, *v.* SEGUNDO QUETELL, demandado y apelante.

Núm. 9634.—*Sometido:* Febrero 3, 1948. *Resuelto:* Marzo 18, 1948.

*Ramón R. Cabrera,* abogado del apelante; *J. I. Fernández Segarra,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El primer error señalado por el apelante en este recurso es al efecto de que la corte inferior erró "al no considerar ni resolver a favor del demandado la defensa especial y separada de que la demanda no aduce hechos constitutivos de una causa de acción en ninguna de sus dos causas de acción."

Se trata de una demanda sobre reconocimiento de hijos y alimentos, instituída por Josefina Maldonado reclamando que se declaren hijos naturales reconocidos del demandado dos hijos habidos mientras vivían en concubinato y, además, una pensión de catorce dólares semanales para los alimentos, vestuario y asistencia médica para dichos niños. En la contestación se alegó como defensa especial que la demanda no aduce hechos suficientes constitutivos de causa de acción. La corte inferior no resolvió dicha defensa especial.

Si bien es cierto que de acuerdo con el título de la demanda quien comparece es únicamente la madre, Josefina Maldonado, no es menos cierto que de acuerdo con las alegaciones contenidas en las dos causas de acción, ella nada reclama para sí. En la primera causa de acción pide se declaren a sus hijos, hijos naturales reconocidos del demandado, y en la segunda, alimentos para ellos. Interpretadas liberalmente las alegaciones de la demanda, demuestran que la verdadera parte interesada son los hijos y que la madre ha comparecido en su representación, aunque expresamente no lo haya hecho constar. *Cf. Gómez* v. *Palmieri,* 50 D.P.R. 457 y *Guadalupe* v. *Corte,* 65 D.P.R. 293, en el que resolvi-

mos que son las alegaciones en el cuerpo de la demanda el aspecto fundamental que debe considerarse para determinar quién es la verdadera parte interesada que comparece en una acción. Este es el espíritu que anima la interpretación de las nuevas Reglas de Enjuiciamiento Civil al disponerse en la Regla 1 que ''Se interpretarán en forma tal que garanticen una solución justa, rápida y económica de toda acción.'' Véase *Rodríguez* v. *Tribunal de Distrito*, pág. 417 ante. En su consecuencia, el caso de *Olivo* v. *Arriví*, 38 D.P.R. 717, debe considerarse expresamente revocado.

■ Desde luego que, velando siempre por la pureza de los procedimientos, debe darse cumplimiento a la Regla 17(*a*) en relación con el apartado (*f*), iniciando la acción en nombre de la parte realmente interesada y que siendo un menor debe comparecer por medio de su padre o madre con patria potestad, si los tuviere, y en su defecto, por medio de un tutor general o de un defensor judicial, empero si al no darse cumplimiento estricto a dicha Regla, las alegaciones de la demanda demuestran como en el caso de autos, que la madre compareciente nada alega ni solicita en su favor y sí únicamente alega derechos que corresponden a sus hijos menores de edad, no nos sentimos inclinados a revocar una sentencia dictada a favor de los hijos y obligarlos a comenzar el pleito de nuevo. No se cometió el primer error.

■ Señala, además, el apelante cuatro errores adicionales que en una u otra forma atacan la apreciación que de la prueba hizo la corte sentenciadora y le imputa haber actuado movida por pasión, prejuicio y parcialidad, al declarar con lugar la demanda en sus dos causas de acción.

La corte inferior hizo constar en su opinión que ''como resultado de la prueba presentada por ambas partes . . . y teniendo en cuenta la credibilidad que cada uno de los testigos le ha merecido'', estimó probados determinados hechos y, como consecuencia, llegó a las siguientes conclusiones:

"Los menores José Enrique y Daisy, de apellido Maldonado, son hijos del demandado Segundo Quetell, tenidos en sus relaciones con la demandante Josefina Maldonado, siendo ambos solteros y sin que existiera entre ambos, al tiempo de la concepción y nacimiento de aquéllos, impedimento alguno para contraer matrimonio, con dispensa o sin ella.

"La demandante Josefina Maldonado fué conocida viviendo en concubinato con el demandado Segundo Quetell desde el mes de junio de 1935 hasta pasado el mes de febrero de 1938, incluyendo el período de la concepción, embarazo y nacimiento de ambos y cada uno de dichos menores."

Después de citar el artículo 125 del Código Civil, se expresó así:

"La prueba de la demandante sostiene, a nuestro juicio, las anteriores conclusiones de hecho y de derecho. La declaración de la propia demandante y la de sus testigos Eloísa Borrero y Margarita Santos, por su forma fácil, desapasionada e ingenua le ha merecido el más completo crédito a la corte. El propio demandado admitió que desde junio de 1935 hasta septiembre de 1937 sostuvo y mantuvo relaciones sexuales con la demandante, precisamente cubriendo el período del embarazo del primer hijo y el de la concepción del segundo.

"Hubo también prueba, creída por la corte, que el demandado atendió a los menores, les proveyó de ropa, alimentación y medicina y los trataba en público como sus hijos, llamándoles tales, acariciándoles y sacándolos a paseo, concluyendo también la corte que dichos hijos, durante el tiempo que el demandado vivía con la demandante gozaron del estado de hijos de dicho demandado."

Y habiéndose probado, además, que el demandado como dueño o representante de una panadería ganaba un promedio de cincuenta dólares semanales, lo condenó a pasarle a sus dos hijos la suma de cinco dólares semanales, toda vez que el demandado vive con otra mujer con la cual tiene cuatro hijos.

Hemos leído la transcripción de la evidencia practicada en este caso y somos de opinión que la prueba de la deman-

dante,. creída por la corte inferior, es suficiente para sostener la sentencia dictada. La única prueba del demandado fué su propio testimonio el cual, en parte, corroboró el hecho de las relaciones sexuales con la demandante durante los años 1935, 1936 y 1937, precisamente el período en que la prueba de la demandante demostró que habían vivido en concubinato. La imputación del apelante en cuanto a que la corte actuó movida por pasión, prejuicio y parcialidad, no queda demostrada por el hecho de que el juez hiciera varias preguntas a los testigos durante el juicio. Hemos resuelto repetidas veces que no revocaremos una sentencia por alegados errores en la apreciación de la prueba a menos que estemos convencidos de que la corte a quo cometió manifiesto error en dicha apreciación, y en cuanto a la imputación de haber actuado movida por pasión, prejuicio o parcialidad que no basta con alegarlo, sino que debe probarse o que de los autos resultare evidente, que actuó en dicha forma. *Velázquez v. Sucn. Blanco,* 50 D.P.R. 294; *Colón v. Gobierno de la Capital,* 62 D.P.R. 25; *Muñoz v. Sucn. López de Azúa,* 65 D.P.R. 741.

*Debe confirmarse la sentencia apelada.*