BLANCA L. BOSCH ROQUÉ, Plaintiff and Appellee, *v.* SANTIAGO RUIZ, JR., Defendant and Appellant.

No. 9679. Argued June 2, 1948.—Decided June 18, 1948.

*Santiago Ruiz, Jr., pro se. José E. Bosch Roqué,* and *V. M. Sánchez, Fernando Ruiz Suria,* and *Abelardo Ruiz Suria,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

Santiago Ruiz, Jr. appeals from the judgment rendered by the District Court of Arecibo granting a divorce decree instituted by his wife Blanca L. Bosch Roqué on the ground of cruel treatment and grave injuries. In the brief, signed by the appellant himself, it is alleged that the lower court erred in not dismissing the complaint because it failed to

adduce facts sufficient to constitute a cause of action; in rendering judgment contrary to the evidence; in hearing plaintiff's evidence on June 25, 1947 without the court having held at that time the act of conciliation provided by Act No. 118 of May 7, 1942; in holding the act of conciliation on June 30, 1947, that is, after having heard plaintiff's evidence; in permitting, consenting or requiring that an attorney who was not on the brief appear and take part in the case in the name and in behalf of the defendant without the latter's authority or consent; and in rendering judgment moved by passion, prejudice and partiality.

As a ground of cruel treatment and grave injuries it was alleged in the complaint, in brief, that several months after their marriage, the defendant indulged in the habit of drinking intoxicating liquors and treated the plaintiff disrespectfully, improperly and unkindly, abusing her of words and acts and that on September 3, 1945 she was forced to leave her husband because he remained in the house in a state of drunkenness, committing acts of cruelty against plaintiff such as forcing her to serve him water several times during the night, emptying the glasses out on the floor and then compelling the plaintiff to bring him more water; that he tore off his night clothes and late at night would make the plaintiff mend them and abused her in other ways which revealed cruelty on the part of the defendant such as threatening to do her serious bodily harm and even threatened her life.

Although some of the facts alleged, if taken separately, would not be sufficient to grant a divorce on the ground of cruel treatment and grave injuries yet when taken in connection with other facts, they are, in our opinion, sufficient inasmuch as in addition to certain specific acts, it is alleged that the defendant abused plaintiff by words and acts and that he threatened to do her serious bodily injury and her life. The defendant could have requested a bill of particulars pursuant to Rule 12(e) of Civil Procedure but failed to do

so and merely set up in his answer a general denial and alleged that the complaint was not sufficient.

 Neither the first nor the second error were committed. Plaintiff's evidence, which was the only one presented in this case, showed that the defendant at different times and in state of drunkenness abused her; making her perform specific acts alleged in the complaint; that furthermore, while she was pregnant he pushed her against a wall; another time he ran after her with a knife forcing her to jump out of a window with her daughter and on a certain night, while she was in the porch of the house he closed the doors and refused to open them compelling her to go to her parents' home. The fact that the defendant was intoxicated while he performed these acts does not constitute a justification thereof to compel plaintiff to continue her married life. Plaintiff did not allege habitual drunkenness as a ground for divorce (Subdivision 3, § 96, Civil Code) but she alleged cruel treatment and grave injuries while defendant was intoxicated. It has been held that it is not a sufficient defense that the acts of cruelty were inflicted by the defendant when he was intoxicated. *Sedgwick* v. *Sedgwick,* 114 Pac. 488; *Berryman* v. *Berryman,* 26 N.W. 789; *Powers* v. *Powers,* 31 N.W. 1; *Wachholz* v. *Wachholz,* 44 N.W. 506; Keezer, Marriage and Divorce, § 375, p. 438. As an exception to this rule it has been held that drunkenness may constitute a defense when the person so intoxicated is "not conscious of what he is doing." *Rosengren* v. *Rosengren,* 115 N.J., Eq. 283, 170 A. 660.

In the *Sedgwick* case, *supra,* it was held, on page 490: "We agree that mere proof of drunkenness cannot establish cruelty. . . But, when one while drunk or drinking says or does things amounting to extreme cruelty, the fact that he was drinking would not defeat a divorce case based upon such extreme cruelty. If drinking or being drunk is interwoven with acts of cruelty, or even is the cause of them, it cannot be used to defeat a divorce action based on cruelty,

because habitual drunkenness for the space of one year is a distinct ground of divorce."

Defendant's conduct, according to plaintiff's evidence, showed the purpose to mortifiy, abuse and offend plaintiff to the extent of rendering the married life unbearable to her. This evidence was sufficient. *Rundle* v. *Fraticelli*, 60 P.R.R. 249.

■ The third and fourth assignments may be disposed of jointly. Appellant argues that the court acted without jurisdiction because it held on June 30, 1947 the act of conciliation prescribed by § 97 of the Civil Code, as amended by Act No. 118 of May 7, 1942. This amendment consisted in including the third paragraph which reads thus:

"Where the action of divorce is based on 'cruel treatment and serious injury' or on 'abandonment of the wife by the husband or of the husband by the wife for a period longer than one year' and there are minor children had in the marriage sought to be dissolved by said divorce action, it shall be the duty of the court, before fixing a date for the holding of the trial, to subpoena the parties, *if they reside in Puerto Rico,* for a preliminary hearing or act of conciliation, over which the judge of the court shall preside in his chambers, and the trial shall be held within the ten days following the above-mentioned summons; *Provided,* That if in the act of conciliation, either of the spouses shows his firm and irrevocable purpose not to resume marital relations, the presiding judge shall order the clerk to include the case in the special calendar." (Italics ours.)

The record of this case shows that when plaintiff commenced the action she was living in the city of New York; that the trial was set for June 25, 1947 whereupon plaintiff came to Puerto Rico to appear therein; that while plaintiff's evidence was being introduced, the court called their attention to the fact that the act of conciliation had not been held and at the close of said evidence it set a day therefor and it was in effect held, with the presence of plaintiff and defendant, on June 30, 1947. On July 16 the defendant filed a motion subscribed by himself seeking to set aside the hearing of June 25, first, because the act of conciliation was not held

prior thereto; second, because defendant's counsel was Attorney Esteban Susoni Lens and not Attorney Roberto Martínez Rodríguez who in his absence had appeared at the hearing of June 25, in substitution of Susoni and without defendant's consent and third, because said attorney had already appeared in the case as plaintiff's counsel seeking that the case be set for May 20, 1947. The court required that this motion be signed by the attorney on the brief and set July 21, 1947 for its hearing. On July 16, 1947 Attorney Esteban Susoni Lens filed a motion stating that since the ninth of the same month he had agreed with the defendant in withdrawing from the case as his attorney and seeking that his name be stricken as defendant's counsel. On that same day the defendant filed a motion submitting the motion of July 16, on its merits and on July 21, the date set for the hearing, he filed another ratifying the former motion in all its parts and expressly waiving his right to appear.

In deciding the questions raised by the defendant the lower court stated in its opinion:

"The motion was not supported by any evidence and since the defendant abandoned the hearing it should be dismissed. The representation of an attorney in a case is presumed legitimate unless the same is impeached on evidence to that effect. The fact that the act of conciliation was held after the first hearing, because plaintiff was in the United States when the case was included in the calendar, is not a ground for the annulment thereof since the conciliation was held without any objection from the parties before the second hearing and the intention of the Legislature that the judge should procure a reconciliation between the parties was well fulfilled."

Pursuant to the third paragraph of § 97 of the Civil Code, *supra*, the act of conciliation in these cases should be held before fixing a date for the holding of the trial, "if they [the parties] reside in Puerto Rico." In the present case plaintiff resided in New York prior to the filing of her complaint and she came to Puerto Rico when the case was set for trial. This would be sufficient to dismiss the errors

assigned. However, we are of the opinion that, even if the lower court had committed them they would not lead to a reversal of the judgment since, as a matter of fact, the act of conciliation was held with the appearance of both parties and the defendant made no objection thereto. He had the opportunity to raise the question at that time and the court would have set aside the former hearing and set a day to hear the case on its merits instead of setting it merely to hear defendant's evidence. There is no doubt that the main object of the law is to obtain the reconciliation of the spouses before hearing the case on its merits, if they reside in Puerto Rico. This does not mean, however, that the court lacks jurisdiction to render judgment because the act of conciliation was held under the circumstances surrounding this case.

■ The fifth error refers to the appearance of Attorney Martínez Rodríguez in substitution of Attorney Susoni Lens, as defendant's counsel. We have said that the defendant did not appear in the lower court to support his motions of July 16 and July 21, 1947. He submitted them on their own merits and expressly waived his right to appear on the day set for hearing. Consequently, the court did not have before it any evidence to contradict the statement made by Attorney Martínez Rodríguez on the day of the hearing to the effect that he was appearing in substitution of Attorney Susoni Lens, defendant's counsel. The court had "to permit and consent," as alleged by the defendant, said attorney to appear and take part in the case for it was not within its power to prevent him. There is nothing in the record warranting defendant's statement that the court "required" said attorney to appear. It was incumbent on the defendant to prove to the court that Attorney Martínez Rodríguez was not authorized by Attorney Susoni Lens to appear in his name and, besides, that the defendant had not consented to said substitution. There is nothing in the record to show that Attorney Martínez Rodríguez had previously sought the setting of the case in plaintiff's name. It is significant that on

the same day that the defendant filed his first motion, Attorney Susoni Lens filed another waiving his representation. If defendant's contention were true, he had the opportunity to prove it at the hearing of July 21, 1947. He preferred to expressly waive it and he cannot complain now that the court erred in dismissing his motion.

In his last assignment appellant alleges that the court, in granting the complaint, acted with passion, bias and prejudice, and he submits it on the arguments presented in support of the other assignments. It is not sufficient to allege that the court was moved by passion, prejudice and partiality but, as it has been held, it must be proved with the facts as revealed in the record. *Muñoz* v. *Heirs of López*, 65 P.R.R. 695; *Velázquez* v. *Heirs of Blanco*, 50 P.R.R. 282; *Colón* v. *Government of the Capital*, 62 P.R.R. 24. There is nothing in the record of this case warranting the charge made by the defendant.

Judgment is affirmed.

Mr. Justice De Jesús did not participate herein.