BLANCA L. BOSCH ROQUÉ, demandante y apelada, *v.* SANTIAGO RUIZ, JR., demandado y apelante.

Núm. 9679.—*Sometido:* Junio 2, 1948.   *Resuelto:* Junio 18, 1948.

*Santiago Ruiz, Jr., pro se; José E. Bosch Roqué,* y *V. M. Sánchez, Fernando Ruiz Suria* y *Abelardo Ruiz Suria,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Santiago Ruiz, Jr., apela de la sentencia dictada por la Corte de Distrito de Arecibo que declaró con lugar la demanda de divorcio interpuesta por su esposa Blanca L. Bosch Roqué, por la causal de trato cruel e injurias graves. En el alegato, suscrito por el propio apelante, alega que la corte inferior erró al no desestimar la demanda por no exponer ésta hechos suficientes constitutivos de causa de acción; al dictar sentencia contraria a la prueba; al considerar la prueba de la demandante el 25 de junio de 1947, sin que para dicha fecha se hubiera celebrado el acto de con-

ciliación que determina la Ley núm. 118, aprobada el 7 de mayo de 1942; al celebrar dicho acto de conciliación el 30 de junio de 1947, o sea después de haber oído la prueba de la demandante; al permitir, consentir o exigir que un abogado que no era de récord compareciera e interviniera en el caso a nombre y en representación del demandado, sin su autorización y sin su consentimiento; y al dictar sentencia movida por pasión, prejuicio y parcialidad.

Como causal de trato cruel e injurias graves se alegó en la demanda, en síntesis, que, meses después del matrimonio, el demandado se dedicó a ingerir habitualmente bebidas alcohólicas y a tratar a la demandante en forma irrespetuosa, incorrecta y desconsiderada, maltratándola de palabras y de obras, y que, el día 3 de septiembre de 1945, ella se vió obligada a separarse del demandado, debido a que permanecía en la morada conyugal en estado de embriaguez, realizando actos de crueldad con la demandante, tales como obligarla a servirle agua repetidas veces durante la noche, vaciando en el suelo los vasos y obligando a la demandante a servirle más agua; se rompía la ropa de dormir sobre su persona y luego, a altas horas de la noche, obligaba a la demandante a reparar las mismas, e innumerables actos que revelaban crueldad de parte del demandado, así como amenazas de grave daño corporal y hasta de muerte.

Aun cuando algunos de los hechos alegados, aisladamente considerados, no serían suficientes para constituir una causa de acción de divorcio por trato cruel e injurias graves, todos ellos, en conjunto, son, a nuestro juicio, suficientes ya que, además de ciertos actos específicos, se alega que el demandado maltrató de obras y de palabras a la demandante y la amenazó de grave daño corporal y de muerte. El demandado pudo solicitar una especificación de particulares, bajo la Regla 12(e) de Enjuiciamiento Civil y no lo hizo, limitándose a hacer una negación general en su con-

testación e incluir en ella su alegación al efecto de que la demanda no aducía hechos suficientes.

No se cometió el primer error y tampoco el segundo, pues la prueba de la demandante, única presentada en el caso, demostró que el demandado, en distintas fechas y en estado de embriaguez la maltrató obligándola a realizar los actos especificados en la demanda; que además, estando ella encinta la empujó contra la pared; en otra ocasión la corrió con un cuchillo obligándola a tirarse por una ventana con su hija, y otra noche, estando ella en el balcón de la casa le cerró las puertas y se negó a abrirlas, viéndose ella obligada a irse para la casa de sus padres. El hecho de que el demandado al realizar estos hechos estuviera en estado de embriaguez no puede constituir una justificación de los mismos que obligue a la demandante a continuar la vida conyugal. La demandante no alegó como causal de divorcio la embriaguez habitual (inciso 3, artículo 96, Código Civil), sino el trato cruel e injurias graves realizados por el demandado en estado de embriaguez. Se ha resuelto que no constituye una defensa suficiente el hecho de que los actos de crueldad fueran ocasionados por el demandado cuando estaba embriagado. *Sedgwick* v. *Sedgwick,* 114 Pac. 488; *Berryman* v. *Berryman,* 26 N.W. 789; *Powers* v. *Powers,* 31 N.W. 1; *Wachholz* v. *Wachholz,* 44 N.W. 506; Keezer *Marriage and Divorce,* sec. 375, pág. 438. Como excepción a esta doctrina se ha resuelto que la embriaguez puede constituir una defensa cuando la persona, debido a dicho estado, está ''inconsciente de lo que hacía.'' *Rosengren* v. *Rosengren,* 115 N.J., Eq. 283, 170 A. 660.

En el caso de *Sedgwick,* supra, se dijo, a la pág. 490: ''Estamos de acuerdo en que la mera prueba de embriaguez no puede constituir crueldad . . . Pero, cuando una persona mientras está embriagada o bebiendo dice y hace cosas que constituyen crueldad extrema, el hecho de que estuviera bebiendo no hace fracasar una acción de divorcio basada en

tal crueldad. Si el beber o estar embriagado está vinculado con actos de crueldad, o es la causa de ellos, no puede ser usado para derrotar una acción de divorcio basada en crueldad, por el hecho de que la embriaguez habitual por un año sea una causal distinta de divorcio.''

La conducta del demandado, según la prueba de la demandante, demostró el propósito de molestar, injuriar y ofender a la demandante, a tal extremo de hacerle insoportable la vida conyugal. Esa prueba fué suficiente. *Rundle v. Fraticelli,* 60 D.P.R. 255.

El tercero y cuarto señalamientos pueden resolverse conjuntamente. Arguye el apelante que la corte actuó sin jurisdicción por haber celebrado el 30 de junio de 1947 el acto de conciliación a que se refiere el artículo 97 del Código Civil, según quedó enmendado por la Ley núm. 118, aprobada el 7 de mayo de 1942 ((1) pág. 699. Dicha enmienda consistió en la adición de un tercer párrafo que dice así:

''Cuando la acción de divorcio se funde en 'trato cruel e injurias graves' o en el 'abandono de la mujer por su marido o del marido por su mujer por un término mayor de un año' y hubiere hijos menores de edad en el matrimonio que se intenta disolver por dicha acción de divorcio, será deber de la corte, antes de señalar fecha para la celebración del juicio, *si las partes residieren en Puerto Rico,* citar a éstas, bajo apercibimiento de desacato, para una vista preliminar o acto de conciliación que presidirá el juez de la corte en su despacho, y el mismo deberá celebrarse dentro de los diez días siguientes a la citación arriba mencionada; *Disponiéndose,* que si en el acto de conciliación cualquiera de los cónyuges manifestare su firme e irrevocable propósito de no reanudar las relaciones matrimoniales, el juez que lo presida dictará orden al Secretario para que incluya el caso en el calendario especial.'' (Bastardillas nuestras.)

Los autos de este caso demuestran que la demandante al iniciar su acción residía en la ciudad de New York; que el juicio fué señalado para el día 25 de junio de 1947, habiendo venido la demandante a Puerto Rico para estar presente; que mientras se presentaba la prueba de la deman-

dante la corte llamó la atención hacia el hecho de que no se había celebrado el acto de conciliación, y al terminar dicha prueba señaló fecha para celebrarlo y que en efecto, con asistencia de la demandante y del demandado, se efectuó el día 30 de junio de 1947. El 16 de julio el demandado radicó una moción, suscrita por él mismo, en la que solicitó se dejara sin efecto la vista celebrada el 25 de junio, primero, porque antes de dicha fecha no se había celebrado el acto de conciliación; segundo, porque el abogado de récord del demandado lo era el Lic. Esteban Susoni Lens y estando éste ausente, compareció en la vista del 25 de junio, en su representación, el Lic. Roberto Martínez Rodríguez, quien no era, ni es, el abogado del demandado, habiendo comparecido sin su autorización, y tercero, porque dicho letrado ya había comparecido en el caso, como abogado de la demandante, solicitando el señalamiento del caso para el día 20 de mayo de 1947. Esta moción la corte ordenó que fuera suscrita por el abogado de récord y la señaló para verse el 21 de julio de 1947. El 16 de julio de 1947, el Lic. Esteban Susoni Lens radicó una moción haciendo constar que desde el día nueve del mismo mes había convenido con el demandado en retirarse del caso como su abogado y solicitando se eliminara su nombre como abogado del demandado. En la misma fecha el demandado radicó moción sometiendo por sus méritos la moción radicada el 16 de julio y el 21 de julio, fecha señalada para la vista, radicó otra ratificando en todas sus partes la anterior y renunciando expresamente a estar presente.

Resolviendo las cuestiones planteadas por el demandado, la corte inferior dijo en su opinión:

"La moción no fué sostenida con prueba alguna, pues el demandado abandonó la vista; debe declararse sin lugar. La representación de un abogado en un caso se supone legítima o no ser que se impugne con prueba al efecto. El hecho de que la conciliación se celebrara después de la primera vista, por las circunstancias de que la demandante estaba en los Estados Unidos al incluirse el caso en calendario,

no es motivo para anularla, pues la conciliación se celebró sin oposición de las partes antes de la segunda vista y el propósito del legislador de que el juez procure un arreglo de las partes, se llevó a satisfacción.''

De acuerdo con el párrafo tercero del artículo 97 del Código Civil, supra, el acto de conciliación en estos casos debe llevarse a cabo antes de señalarse fecha para la celebración del juicio, ''si las partes residieren en Puerto Rico''. En el presente caso la demandante residía en New York desde antes de radicar su demanda y desde dicha ciudad vino a Puerto Rico al señalarse el caso para juicio. Esto sería suficiente para desestimar los errores señalados, empero, somos de opinión de que, aun cuando la corte inferior los hubiera cometido, ellos no conllevarían la revocación de la sentencia ya que, como cuestión de hecho, el acto de conciliación se celebró con asistencia de las partes y el demandado no hizo objeción alguna a que el mismo se celebrara. Pudo en aquel momento plantear la cuestión y la corte haber dejado sin efecto la vista anterior y señalar el caso para juicio en su totalidad en lugar de hacerlo para oír la prueba del demandado exclusivamente. No hay duda de que el fin que se trata de obtener por la ley es la reconciliación de los cónyuges, antes de celebrarse el juicio en sus méritos, cuando ellos residen en Puerto Rico. Esto no significa, sin embargo, que la corte careciera de jurisdicción para dictar sentencia, por el hecho de haberse celebrado el acto de conciliación bajo las circunstancias que concurrieron en el presente caso.

El quinto error se refiere a la comparecencia del Lic. Martínez Rodríguez, en sustitución del Lic. Susoni Lens, como abogado del demandado. Ya hemos dicho que el demandado no compareció ante la corte inferior a sostener sus mociones de julio 16 y julio 21 de 1947. Las sometió por sus propios méritos y renunció expresamente a estar presente el día señalado para su vista. Como consecuencia, la corte no tuvo ante su consideración prueba alguna que con-

tradijera la manifestación hecha el día del juicio por el Lic. Martínez Rodríguez, al efecto de que él comparecía en sustitución del Lic. Susoni Lens, que representaba al demandado. La corte tenía que "permitir y consentir", como alega el demandado, que dicho abogado compareciera e interviniera en el caso, pues no estaba dentro de sus atribuciones el impedirlo. Nada hay en el récord que justifique la afirmación del demandado de que la corte "exigió" que dicho letrado compareciera. Correspondía al demandado probarle a la corte que el Lic. Martínez Rodríguez no estaba autorizado por el Lic. Susoni Lens para comparecer en su nombre, y además, que el demandado no había consentido en dicha sustitución. Nada hay en el récord que demuestre que el Lic. Martínez Rodríguez en ocasión anterior solicitó un señalamiento a nombre de la demandante. Es significativo el hecho de que el mismo día en que el demandado radicó su primera moción, el Lic. Susoni Lens radicó otra renunciando su representación. De ser cierta la contención del demandado, oportunidad tuvo de probarla en la vista señalada para el 21 de julio de 1947. Prefirió renunciarla expresamente, y no puede ahora quejarse de que la corte erró al desestimar su moción.

■ En su último señalamiento alega el apelante que la corte, al declarar con lugar la demanda, actuó movida por pasión, prejuicio y parcialidad y lo somete por los argumentos expuestos al discutir los demás errores. No basta alegar la pasión, prejuicio y parcialidad en la actuación de la corte sino que, según hemos resuelto, es necesario probarlo con las constancias del récord. *Muñoz* v. *Sucn. López de Azúa,* 65 D.P.R. 741; *Velázquez* v. *Sucn. Blanco,* 50 D.P.R. 294; *Colón* v. *Gobierno de la Capital,* 62 D.P.R. 25. Nada hay en el récord de este caso que justifique la imputación hecha por el demandado.

*Debe confirmarse la sentencia.*

El Juez Asociado Sr. De Jesús no intervino.